IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAU L ESMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00804-JD |
| ) | |
| THOMAS BROWN, individually; and ) | |
| DANNY HERMAN TRUCKING, INC., ) | |
| a Tennessee Corporation, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendant Danny Herman Trucking, Inc.'s ("Danny Herman") Partial Motion to Dismiss ("Motion") [Doc. No. 7], which seeks dismissal of the claims for negligent hiring, training, retention, and entrustment in Plaintiff Paul Esmond's ("Esmond") petition [Doc. No. 1-2]. Danny Herman seeks dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Esmond responded in opposition. ("Response") [Doc. No. 16]. Danny Herman did not file a reply. For the reasons stated below, the Court grants Danny Herman's Motion.

**I.     BACKGROUND**

On February 24, 2022, Esmond was driving in Canadian County, Oklahoma, when he was involved in a motor vehicle accident. Pet. [Doc. No. 1-2] ¶ 4. Defendant Thomas Brown ("Brown") was driving the other vehicle involved in the collision; at the time of the accident, Brown was acting in the course of his employment with Danny Herman, which owned the vehicle Brown was driving. *Id.* ¶¶ 2–3, 5. As a result of the crash,

Esmond alleges he suffered personal injuries and mental anguish; he also alleges he incurred medical expenses and damage to his vehicle. *Id.* ¶¶ 8, 10.

Esmond filed this action against Danny Herman in the District Court of Canadian County, Oklahoma, seeking compensatory and punitive damages under a theory of *respondeat superior* liability for Brown's alleged negligence, as well as claims for negligent hiring, training, retention, and negligent entrustment. *Id.* ¶¶ 5–6, 12. Danny Herman removed the action to this Court based on diversity of citizenship. Notice of Removal [Doc. No. 1] at 1. Danny Herman moves to dismiss Esmond's claims for negligent hiring, training, retention, and entrustment, arguing that the petition does not allege sufficient facts to state a claim. Motion at 1. Danny Herman also argues that, as a matter of Oklahoma law, *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, bars recovery on these claims since Danny Herman has stipulated that Brown was acting within the scope of his employment. *Id.*

## II.  LEGAL STANDARD

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court must "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

## III.   ANALYSIS

In Oklahoma, an employer "may be held liable for negligence in hiring, supervising or retaining an employee. . . . if—at the critical time of the tortious incident—[] the employer had reason to believe that the person would create an undue risk of harm to others." *N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d 592, 600. "The critical element for recovery" in such cases "is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *Id.* ¶ 21, 998 P.2d at 600. Oklahoma courts frequently consider negligent training claims alongside claims for negligent hiring, supervision, and retention; these courts impose the same scienter requirement for all of these claims. *E.g.*, *Brown v. Muldrow Pub. Schs.*, Case No. 120,934, 2024 OK CIV APP 20, ¶ 23, 2024 WL 4024661, at *6 (filed July 17, 2024; mandate issued Aug. 9, 2024) (explaining that a "claim for negligent supervision and training requires a showing that an employer met the . . . elements of negligence during the 'hiring, supervising, or retaining' of an employee," then reciting the elements from *Presbyterian Church* (citation omitted)). "In essence," when facing claims of negligent hiring, training, and retention, "an employer

3

may bear liability of an employee's unreasonable or injurious conduct upon a third party if said conduct was reasonably foreseeable." *Id.*

"To support an actionable claim for negligent entrustment of an automobile," a plaintiff must demonstrate that: (1) "a person who owns or has possession and control of an automobile allowed another driver to operate the automobile"; (2) "the person knew or reasonably should have known that the other driver was careless, reckless and incompetent"; and (3) "an injury was caused by the careless and reckless driving of the automobile." *Green v. Harris*, 2003 OK 55, ¶ 23, 70 P.3d 866, 871. "Liability for negligent entrustment arises from the *act of entrustment*, not the relationship of the parties.'" *Sheffer v. Carolina Forge Co.*, 2013 OK 48, ¶ 17, 306 P.3d 544, 550.

Danny Herman argues that Esmond "has failed to plead any facts that support the bare conclusion that Danny Herman was negligent in its hiring, training, and retention of Thomas Brown." Motion at 6. Regarding the negligent entrustment claim, Danny Herman argues that Esmond "makes a conclusory allegation with no specifics as to what Danny Herman knew or should have known about Brown or his driving ability." *Id.* at 7. The Court agrees. In his response, Esmond acknowledges that for negligent hiring, retention, and training claims, liability hinges on "whether the employer knew or should have known of the circumstances in the employee's background which would create an unreasonable risk of injury to persons with whom the employee could reasonably expect to interact." Response at 10 n.3. Yet the entirety of the allegations in Esmond's petition regarding these claims reads: "Defendant, Danny Herman Trucking, Inc. a Tennessee Corporation was negligent in its hiring, training, and retention of the Defendant, Thomas

4

Brown; and negligent in its entrustment of its vehicle to him." These conclusory statements fail to allege any facts that would allow the Court to infer that Danny Herman "had reason to believe that [Brown] would create an undue risk of harm to others," *Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d at 600, or that Danny Herman "knew or reasonably should have known that [Brown] was careless, reckless and incompetent," *Green*, 2003 OK 55, ¶ 23, 70 P.3d at 871. Accordingly, the Court dismisses Esmond's claims of negligent hiring, training, retention, and entrustment.[1]

In his response, Esmond "requests leave to amend his State Court Petition and file an Amended Complaint to further plead and/or cure any deficiencies that the Court finds may exist." Response at 11.[2] Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave" to amend pleadings "when justice so requires." Where the

---

[1] Because it dismisses these claims for insufficiency of the pleadings, the Court need not address Danny Herman's alternate argument for dismissal under *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289.

[2] In the Certificate of Conference section of his response, Esmond notes that the parties have agreed to request a stay "to await the Oklahoma Supreme Court's decision in *Richardson v. Sibley*, which will presumabl[y] have a direct impact on Defendant's Motion for Partial Motion to Dismiss." Response at 1–2. In support for this request, Esmond cites *Taylor v. Juma*, No. CIV-23-132-D, 2024 WL 3013838 (W.D. Okla. June 14, 2024), in which the court stayed a factually similar case pending the resolution of *Richardson v. Sibley*.

The request for a stay in the response is not proper. Under Local Civil Rule 7.1(c), "A response to a motion may not also include a motion or a cross-motion made by the responding party." If the parties wish to request a stay, they must move for such relief in a separate motion under Federal Rule of Civil Procedure 7(b). Regardless, the Court concludes that *Taylor* is distinguishable because that order was issued at the summary judgment stage. *Taylor*, 2024 WL 3013838, at *1 & n.1. The Court does not prejudge a proper motion for a stay but cautions the parties that it may not be appropriate at this early stage in the proceedings.

5

party has "expressed a willingness to amend," and "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990)). Here, because the deficiencies in Esmond's complaint are potentially curable, the Motion was directed at a petition drafted under state (versus federal) pleading standards in this removed action, and Esmond seeks the ability to amend his pleading, the Court dismisses these claims without prejudice. Should Esmond wish to amend his complaint, he must follow the Federal and Local Civil Rules of Procedure. *Cf.* LCvR7.1(c) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."); *see also* LCvR15.1 (explaining that a party moving to amend a pleading under Federal Rule of Civil Procedure 15 "must attached the proposed pleading as an exhibit to the motion").[3]

## IV. CONCLUSION

For these reasons, the Court GRANTS Danny Herman's Partial Motion to Dismiss [Doc. No. 7]. Esmond's claims for negligent hiring, training, retention, and entrustment are dismissed without prejudice to his right to move to amend his petition.

---

[3] Before filing any motion for leave to amend, the Court requires the parties to confer to determine if they can resolve any disputes and to avoid further motion practice on the issues.

IT IS SO ORDERED this 16th day of September 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE